UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08760-RGK-KS Date: September 3, 2026

Title *Jack Gerritsen et al v. City of Los Angeles et al.*

---

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Kerri Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) NOTICE RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28] AND ORDER SETTING BRIEFING SCHEDULE**

On September 2, 2026, Defendants filed a Motion for Summary Judgment supported by a Statement of Undisputed Facts, a declaration, six exhibits, and a proposed order (collectively "Defendants' Summary Judgment Motion"). (Dkt. No. 28.) Pursuant to Local Rule 7-15, Defendants' Summary Judgment Motion will be considered on the papers filed by the parties, absent further Court order.

By this Order, the Court sets the following briefing schedule for Defendants' Summary Judgment Motion:

1. Plaintiffs shall file and serve an Opposition to Defendants' Summary Judgment Motion and a Local Rule 56-2 Statement of Genuine Issues no later than **October 5, 2026**; and

2. Defendants shall file and serve a Reply within twenty-one (21) days of receipt of the Opposition.

**The Court hereby provides Plaintiffs with the following notice of their obligations with respect to Defendants' Summary Judgment Motion:**

By Defendants' Summary Judgment Motion, Defendants seek judgment in their favor as a matter of law. In particular, Defendants' Summary Judgment Motion requests that a final judgment be entered in favor of Defendants without a trial. **In other words, if the Court grants Defendants' Summary Judgment Motion, Plaintiffs will lose.**

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure and by Local Rule 56-1 through 56-3 of this Court. Accordingly, Plaintiffs are advised

to review Rule 56 of the Federal Rules of Civil Procedure and these Local Rules. Plaintiffs should note that Fed. R. Civ. P. 56 and Local Rule 56-2 set forth the requirements for opposing a summary judgment motion.

Moreover, Plaintiffs should be aware of, and familiar with, the following United States Supreme Court cases concerning summary judgment standards: *Celotex v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

Defendants' Summary Judgment Motion sets forth the facts that Defendants contend are not reasonably disputed in this case and argues that these facts entitle Defendants to judgment in Defendants' favor as a matter of law. Unless Defendants' Summary Judgment Motion fails as a matter of law, Plaintiffs may not rest upon the mere allegations in Plaintiffs' pleadings to defeat the Summary Judgment Motion. Rather, Plaintiffs must, in opposing the Motion, submit admissible evidence demonstrating that a genuine dispute exists concerning a fact material to the case. As set forth below, Plaintiffs must set out specific facts as provided in Rule 56(c) of the Federal Rules of Civil Procedure—such as through declarations, answers to interrogatories, depositions, or authenticated documents—which will contradict the facts shown by Defendants' Summary Judgment Motion so as to show that there is a genuine issue of material fact for trial.

**Plaintiffs are expressly warned that, if they fail to submit admissible evidence contradicting Defendants' version of the facts, the Court may accept Defendants' version of the facts as truth. If the Court accepts Defendants' version of the facts as the truth, the Court may grant Defendants' Summary Judgment Motion and enter final judgment against Plaintiffs without any trial.**

Further, Plaintiffs are advised that, if they oppose Defendants' Summary Judgment Motion, Local Rule 56-2 requires that they serve and file, along with opposing papers, a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which Plaintiffs contend exists a genuine factual issue required to be litigated.

In opposing Defendants' Summary Judgment Motion, Plaintiffs must submit some *proof*, in the form of admissible documentary *evidence*, which supports their claims and sets forth specific facts showing that there are genuine and material issues in dispute which require a trial. *See*

*Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). Plaintiffs may do this in one or more of the following ways:

(A) Plaintiffs may serve and file one or more **affidavits or declarations** of witnesses (including Plaintiffs), which set forth the facts that Plaintiffs believe will prove their claims. **Affidavits or declarations must be signed under penalty of perjury** by the person making the affidavit or declaration. The person making the affidavit or declaration must have personal knowledge of the facts stated and be competent to testify to the matter contained in the affidavit or declaration.

(B) Plaintiffs also may rely upon other written records if there is evidence that the records are authentic and accurate. Generally, this means that Plaintiffs must explain, under penalty of perjury, what the documents mean, where Plaintiffs obtained them, and that they are true and correct copies.

(C) Plaintiffs also may rely upon all or any part of the transcript of a deposition, or on answers to interrogatories, or on admissions obtained through discovery in this case. Again, Plaintiffs should call to the Court's attention the parts of such documents upon which Plaintiffs rely in opposing summary judgment.

Pursuant to Local Rule 56-3, the Court will assume that material facts claimed and adequately supported by Defendants have been admitted by Plaintiffs, except to the extent that: (1) Plaintiffs controvert the material facts by including them in the "Statement of Genuine Disputes"; and (2) Plaintiffs also controvert these same material facts by affidavit, declaration, or other written evidence filed in opposition to Defendants' Summary Judgment Motion.

**Plaintiffs are expressly cautioned that the failure to file and serve a timely Opposition to Defendants' Summary Judgment Motion may result in a recommendation that Defendants' Summary Judgment Motion be granted.**

**IT IS SO ORDERED**.

:

**Initials of Preparer** klh